NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TAINAN SANTOS CARVALHO DOS
REIS; ODIRLEI CANDIDO DOS REIS; E.
S. D. R.,

No. 24-7719

Agency Nos.
A220-894-906
A220-894-905
A220-894-907

Petitioners,

v.

MEMORANDUM[*]

PAMELA BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2025[**]
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

Petitioners Tainan Santos-Carvalho Dos Reis ("Tainan"), her husband

Odirlei Candido-Dos Reis ("Odirlei") (together, "Petitioners"), and their minor

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

child E.S.D.R.[1] are citizens of Brazil. They seek review of a Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners also assert that the IJ erroneously made an adverse credibility determination. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

Where, as here, the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, this Court may review both decisions to the extent the BIA, in reaching its decision, relied on the grounds considered by the IJ. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016); *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). This Court reviews the BIA's factual findings under the highly deferential substantial evidence standard and reviews de novo both purely legal questions and mixed questions of law and fact. *See Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1312 (9th Cir. 2012). When reviewing factual findings, including adverse credibility determinations, this Court "must accept 'administrative findings' as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Garland v. Ming Dai*, 593 U.S.

---

[1] E.S.D.R. seeks asylum as a derivative beneficiary—i.e., she does not seek relief separate from her parents' applications and is not entitled to assert a derivative claim for withholding of removal or CAT protection. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

357, 365 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)); *see also Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020).

1.      Substantial evidence supports the IJ's adverse credibility determination, and Petitioners have not identified any evidence in the record that compels a contrary conclusion. Specifically, the IJ cited numerous specific and cogent reasons to support the adverse credibility determination, such as (1) Tainan's difficulty recalling dates and numbers during her testimony; (2) the lack of evidence corroborating any of the harms Petitioners allegedly suffered; (3) inconsistencies between Tainan's declarations and her testimony at the merits hearing; and (4) inconsistences between Tainan's and Odirlei's testimonies. *See Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010) (holding that substantial evidence supported the adverse credibility finding where the petitioner provided inconsistent testimony regarding where he lived before entering the United States and where his testimony regarding his alleged persecution contradicted his declaration).

Critically, besides their testimonies, Petitioners only submitted evidence regarding Brazil's general conditions. However, these materials did not mention Petitioners and, as such, failed to rehabilitate their testimonies. *See Mukulumbutu*, 977 F.3d at 927 (holding that the petitioner failed to meet his burden of proof where an adverse credibility determination was made and where the petitioner

3                                                          24-7719

failed to submit sufficient corroborating evidence); *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (explaining that "[w]ithout Wang's testimony, the remaining evidence in the record is insufficient to carry her burden of establishing eligibility for relief" or protection). Accordingly, the IJ, as affirmed by the BIA, properly considered the totality of the circumstances when making the adverse credibility determination, and substantial evidence supports the conclusion that Petitioners' testimonies were not credible.

2. "Without credible testimony or sufficient corroborating evidence, [Petitioners] cannot show that [they] ha[ve] a 'well-founded fear of persecution' based on a protected ground." *Mukulumbutu*, 977 F.3d at 927. As such, we deny the petition with respect to Petitioners' claims for asylum. *See id.* (holding same).

3. Because Petitioners have not met the standard for asylum, they cannot meet the higher burden of demonstrating the clear probability of persecution required for withholding of removal. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b); *Mukulumbutu*, 977 F.3d at 927 (holding same and citing *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016)).

4. As noted by the BIA, Petitioners did not challenge the IJ's findings related to CAT protection on administrative appeal. Nor did Petitioners raise any arguments related to CAT protection in their brief to this Court. Accordingly, Petitioners have abandoned any challenge related to CAT protection. *See*

*Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (noncitizen's

failure to argue issue on appeal deemed abandonment).

**PETITION DENIED.**[2]

---

[2] Petitioners' Motion to Stay Removal, Dkt. No. 10, is DENIED effective upon issuance of the mandate from this Court.